**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

Attorneys for Defendants
**Davol, Inc., Bard Devices, Inc. and C.R. Bard, Inc.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN KELLIE, an individual, and LORI KELLIE, an individual, and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, INC., a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | Removed from: Superior Court of New Jersey Law Division – Camden County<br><br>**NOTICE OF REMOVAL AND COPIES OF PROCESS AND PLEADINGS**<br><br>Civil Action No.: ______________ |

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendants Bard Devices, Inc. and C.R. Bard, Inc., (collectively "Bard" and together with Davol, "Defendants"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On or about June 13, 2008, Plaintiffs filed a civil action against Defendants Davol Inc., Bard Devices, Inc., and C.R. Bard, Inc. in the Superior Court of New Jersey, Law Division, Camden County. Neither Davol nor Bard has been properly served.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court of New Jersey, Law Division, Camden County, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 110.

4. Plaintiffs filed this action on June 13, 2008. Defendants were served with a copy of the Summons and Complaint no earlier than June 16, 2008. Defendants file this Notice of Removal prior to 30 days of receipt of the initial pleadings and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely.

5. No previous application for removal has been made.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written Notice of this Removal with the Clerk of the Superior Court of New Jersey, Law Divison, Camden County, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest



ME1 7458485v.1

and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol and Bard. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

8. Although Defendants deny Plaintiffs' claims, and although Plaintiffs seek an unspecified amount in damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

9. Plaintiffs' claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was designed and sold by Davol and used in conjunction with Plaintiff Steven Kellie's hernia repair. (*See* Compl. ¶¶ 66-67.) Plaintiff Steven Kellie alleges that due to its allegedly defective design, the Composix® Kugel® hernia patch failed, and, as a result, he sustained serious personal injuries which include injury to his bowels and "other health risks associated with [his] implantation with a [Composix® Kugel® Hernia Repair] Patch." (*Id.* ¶ 72.) Plaintiff further alleges that he has and will "require continuous monitoring of his [Composix® Kugel®] Patch related injuries for the remainder of his life." (*Id.* ¶ 73.) Additionally, Plaintiff alleges that his injuries are "severe, life threatening, and permanent, and have adversely impacted the quality of his life and the life of his family." (*Id.*) Plaintiff also claims that he has "endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future." (*Id.* ¶ 74.) Plaintiff Lori Kellie further makes a claim for loss of consortium. (*Id.* ¶ 75; ¶¶ 191-196.) Plaintiffs finally seek actual as well as punitive damages in addition to other costs. (*See* Compl. at "Prayer".)

10. The amount-in-controversy requirement is met here, because the severity of the injuries alleged in Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging compensatory and punitive damages satisfies amount-in-controversy for federal diversity jurisdiction); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra.*); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more").

11. In fact, other plaintiffs making similar allegations as the ones expressed here have brought their actions in federal court against Davol and Bard, thus expressly pleading an amount-in-controversy in excess of amount required by 28 U.S.C. § 1332. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

12. Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

**B. The Parties Are Completely Diverse**

13. Plaintiffs are residents and citizens of Michigan. (*See* Compl. ¶¶ 9-10.)

14. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

15. Bard Devices, Inc is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard Devices, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

16. C.R. Bard Inc., is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, C.R. Bard, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendants respectfully remove this action from the Superior Court of New Jersey, Law Division, Camden County, New Jersey to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: June 16, 2008

Respectfully submitted,

MCCARTER & ENGLISH, LLP

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel.: 973-622-4444
Fax: 973-297-3960

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005
Phone: 202- 898-5800
Fax: 202- 862-1639

Attorneys for Defendants Davol, Inc., Bard Devices, Inc., and C.R. Bard, Inc.