**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, NW
Washington, DC 20005
(202) 898-5800

Attorneys for Defendants
***DAVOL INC., BARD DEVICES, INC., and C.R. BARD, INC.***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STEVEN KELLIE, an individual, and LORI KELLIE, an individual, and as husband and wife, | ) | |
| Plaintiffs, | ) | Case No.: 08-cv-2984 (RMB) |
| vs. | ) | |
| DAVOL INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, INC., a corporation, and DOES 1 through 100, inclusive, | ) | |
| Defendants. | ) | |

**<u>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC., BARD DEVICES, INC., AND C.R. BARD, INC.</u>**

Defendants Davol Inc. ("Davol"), Bard Devices, Inc. ("Bard Devices"), and C.R. Bard, Inc. ("Bard"), (collectively "Defendants"), by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

**NATURE OF THE CASE**

1. The allegations in Paragraph 1 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

2. Davol admits at various times it has manufactured, designed, marketed, labeled, distributed, and sold the Composix® Kugel® Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," packaged," "tested" or "promoted" beyond the meanings of "manufactured," "designed," and "marketed" which have been addressed above, and accordingly denies the allegations. Davol further denies the remaining allegations in this paragraph. Bard Devices and Bard deny each and every allegation in Paragraph 2.

3. Defendants deny the allegations as phrased. Defendants admit that Davol conducted a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

4. Paragraph 4 of the Complaint either contains allegations that are conclusions of law to which no response is required, or the paragraph contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 4.

5. Paragraph 5 of the Complaint either contains allegations that are conclusions of law to which no response is required, or the paragraph contains allegations

to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 5.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. The allegations in Paragraph 7 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

8. The allegations in Paragraph 8 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**PARTIES**

**Plaintiffs**

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. With respect to the allegations directed at Defendants, Davol admits that at various times manufactured, designed, marketed, labeled, distributed, and sold the Composix® Kugel® Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," packaged," "tested" or "promoted" beyond the meanings of "manufactured," "designed," and "marketed" which have been addressed above, and accordingly denies the allegations. Davol denies any remaining allegations in Paragraph 9. Bard Devices and Bard deny each and every allegation in Paragraph 9.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

**Defendants**

11. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island, and that it is a subsidiary of C.R. Bard, Inc. Davol further admits at various times it has manufactured, designed, marketed, labeled, distributed, and sold the Composix® Kugel® Patch throughout the United States, including the State of New Jersey for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," "packaged," "tested" or "promoted" beyond the meanings of "manufactured," "designed," and "marketed" which have been addressed above, and accordingly denies the allegations.

12. Bard Devices, Inc. admits that it is organized under the laws of the State of New Jersey and that it is a subsidiary of C.R. Bard, Inc. Bard Devices denies each and every remaining allegation in Paragraph 12.

13. C.R. Bard, Inc. admits that it is organized under the laws of the State of New Jersey and that Bard Devices and Davol are its subsidiaries. C. R. Bard denies each and every remaining allegation in Paragraph 13.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is

required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Paragraph 15 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. The allegations in Paragraph 16 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Davol admits that at various times it designed, manufactured, distributed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," "tested," "inspected," "fabricated," "packaged," or "promoted" beyond the meanings of "manufactured," "designed," and "marketed" which have been addressed above, and accordingly denies the allegations. Davol denies any remaining allegations in Paragraph 23. Bard Devices and Bard deny each and every allegation in Paragraph 23.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24. Defendants admit that at various times Davol designed, distributed, marketed, labeled, manufactured, and sold of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," "packaged," "tested," or "promoted" beyond the meanings of "manufactured," "designed," and "marketed" which have been addressed above, and accordingly denies the allegations. As to the remaining allegations contained in Paragraph 24 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

25. Defendants admit that Bard entered into an asset purchase agreement with Surgical Sense Inc. in January 2000 but denies that it assumed any liability of Surgical Sense Inc. Defendants deny the remaining allegations.

26. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. To the extent any allegations are directed to Bard or Bard Devices, they are denied.

27. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, by prescribing physicians in accordance with its accompanying labeling information. Defendants deny any remaining allegations in this paragraph.

28. Defendants admit that the Composix® Kugel® Hernia Patch is comprised of polypropylene and expanded polytetrafluoroethylene (ePTFE) mesh. Defendants deny the remaining allegations.

29. Defendants deny the allegations.

30. Defendants deny the allegations.

31. Defendants deny the allegations.

32. Defendants deny the allegations.

33. Defendants deny the allegations.

34. Defendants deny the allegations.

35. Defendants deny the allegations.

36. Defendants deny the allegations.

37. Defendants deny the allegations.

38. The allegations in Paragraph 38 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The Establishment Inspection Report referenced in Paragraph 39 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

40. Defendants deny the allegations.

41. The Establishment Inspection Report referenced in Paragraph 41 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

42. Defendants deny the allegations.

43. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to the general public is controlled by FDA regulations, which were complied with. Defendants deny the remaining allegations.

44. Defendants deny the allegations.

45. Defendants admit that Davol conducted a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death." Defendants deny any remaining allegations.

46. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

47. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

48. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007.

Defendants further state these products have since been returned to the market with FDA approval.

49. Defendants deny the allegations.

50. The Establishment Inspection Report referenced in Paragraph 50 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

51. The document referenced in Paragraph 51 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

52. Defendants deny the allegations.

53. Defendants deny the allegations.

54. Defendants deny the allegations.

55. Defendants deny the allegations.

56. Defendants admit that Davol, at various times, designed, manufactured, distributed, marketed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny any remaining allegations in this paragraph. Davol does not know what is meant by "developed," "tested," "packaged," or "promoted" beyond the meanings of "designed," "distributed" and "marketed" which have been addressed above, therefore deny the allegations. Defendants deny the remaining allegations.

57. The allegations in Paragraph 57 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to the general public is controlled by FDA regulations, which were complied with. Defendants deny the remaining allegations.

59. Defendants deny the allegations.

60. The allegations in Paragraph 60 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. Defendants deny the allegations.

63. The allegations in Paragraph 63 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. Defendants deny the allegations.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore deny the same.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore deny the same.

67. Defendants admit that Davol, at various times, designed, manufactured, distributed, marketed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny any remaining allegations in this paragraph. Davol does not know what is meant by "developed," "tested," "packaged," or "promoted" beyond the meanings of "designed," "distributed" and "marketed" which have been addressed above, therefore deny the allegations. Defendants deny the remaining allegations.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore deny the same.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny the same.

70. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore deny the same.

71. The allegations in Paragraph 71 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore deny the same.

73. Paragraph 73 either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 73.

74. The allegations in Paragraph 74 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore deny the same.

**COUNT I**

**NEW JERSEY PRODUCTS LIABILITY ACT– NEGLIGENCE (N.J.S.A. 2A:58C-1 *et seq.*)**

77. In response to Paragraph 77 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

78. The allegations in Paragraph 78 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 and its subparts (a) through (p) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. The allegations in Paragraph 83 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

84. The allegations in Paragraph 84 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**

**NEW JERSEY PRODUCTS LIABILITY ACT– NEGLIGENCE (N.J.S.A. 2A:58C-1 *et seq.*)**

**DEFECTIVE DESIGN**

85. In response to Paragraph 85 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

86. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," "packaged," "tested" and "promoted" beyond the meanings of "designed," "manufactured," and "marketed" which have been addressed above, and accordingly deny the allegations. As to any remaining allegations contained in Paragraph 86 of the complaint, Davol lacks knowledge or information sufficient to

form a belief as to the truth of the allegations, and therefore denies the allegations. Bard and Bard Devices deny each and every allegation presented in Paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and Defendants therefore deny the allegations.

88. The allegations in Paragraph 88 and its subparts (a) through (f) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. Paragraph 89 either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 89.

90. The allegations in Paragraph 90 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

92. The allegations in Paragraph 92 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III**

**NEW JERSEY PRODUCTS LIABILITY ACT**

**MANUFACTURING DEFECT**

**(N.J.S.A. 2A:58C-1 *et seq.*)**

93. In response to Paragraph 93 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

94. The allegations in Paragraph 94 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

96. The allegations in Paragraph 96 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IV**

**NEW JERSEY PRODUCTS LIABILITY ACT**

**FAILURE TO WARN**

**(N.J.S.A. 2A:58C-1 *et seq.*)**

98. In response to Paragraph 98 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

99. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "developed," "packaged," "tested" or "promoted" beyond the meanings of "designed," "manufactured," and "marketed" which have been addressed above accordingly Davol denies the allegations. The remaining allegations contained in Paragraph 99 are conclusions of law to which no response is required. To the extent a response is required, Davol denies each and every remaining allegation in this paragraph. Bard and Bard Devices deny each and every allegation presented in Paragraph 99.

100. The allegations in Paragraph 100 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

104. The allegations in Paragraph 104 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

105. The allegations in Paragraph 105 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and therefore deny the same.

111. The allegations in Paragraph 111 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT V**

**NEW JERSEY PRODUCTS LIABILITY ACT**

**BREACH OF IMPLIED WARRANTY**

**(N.J.S.A. 2A:58C-1 *et seq.*)**

113. In response to Paragraph 113 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

114. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "packaged," "developed," "tested" or "promoted" beyond the meanings of "designed," "manufactured," and "marketed" which have been addressed above accordingly Davol denies the allegations. The remaining allegations contained in Paragraph 114 are conclusions of law to which no response is required. To the extent a response is required, Davol denies each and every remaining allegation in this paragraph. Bard and Bard Devices deny each and every allegation presented in Paragraph 114.

115. The allegations in Paragraph 115 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

116. The allegations in Paragraph 116 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

120. The allegations in Paragraph 120 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

121. The allegations in Paragraph 121 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VI**

**BREACH OF EXPRESS WARRANTY**

122. In response to Paragraph 122 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

123. The allegations in Paragraph 123 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

125. The allegations in Paragraph 125 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

128. The allegations in Paragraph 128 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

129. The allegations in Paragraph 129 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VII

## FRAUDULENT MISREPRESENTATION

131. In response to Paragraph 131 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

132. The allegations in Paragraph 132 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

133. The allegations in Paragraph 133 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

134. The allegations in Paragraph 134 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

135. The allegations in Paragraph 135 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

136. The allegations in Paragraph 136 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

137. The allegations in Paragraph 137 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

138. The allegations in Paragraph 138 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

139. The allegations in Paragraph 139 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

140. The allegations in Paragraph 140 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

141. The allegations in Paragraph 141 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

142. The allegations in Paragraph 142 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VIII

## FRAUDULENT CONCEALMENT

143. In response to Paragraph 143 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

144. The allegations in Paragraph 144 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

145. The allegations in Paragraph 145 and its subparts (a) through (m) are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

146. The allegations in Paragraph 146 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

147. The allegations in Paragraph 147 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

148. The allegations in Paragraph 148 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

149. The allegations in Paragraph 149 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

150. The allegations in Paragraph 150 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

151. The allegations in Paragraph 151 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

152. The allegations in Paragraph 152 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

153. The allegations in Paragraph 153 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

154. The allegations in Paragraph 154 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IX**

**NEGLIGENT MISREPRESENTATION**

155. In response to Paragraph 155 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

156. The allegations in Paragraph 156 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

157. The allegations in Paragraph 157 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

158. The allegations in Paragraph 158 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

159. The allegations in Paragraph 159 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

160. The allegations in Paragraph 160 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

161. The allegations in Paragraph 161 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

162. The allegations in Paragraph 162 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

163. The allegations in Paragraph 163 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

164. The allegations in Paragraph 164 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT X**

**FRAUD AND DECEIT**

165. In response to Paragraph 165 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

166. In response to Paragraph 166 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

167. The allegations in Paragraph 167 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

168. The allegations in Paragraph 168 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

169. The allegations in Paragraph 169 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

170. The allegations in Paragraph 170 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

171. The allegations in Paragraph 171 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

172. The allegations in Paragraph 172 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

173. The allegations in Paragraph 173 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

174. The allegations in Paragraph 174 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

175. The allegations in Paragraph 175 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

176. The allegations in Paragraph 176 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

177. The allegations in Paragraph 177 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

178. The allegations in Paragraph 178 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT XI**

**VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**

**(N.J.S.A. 56:8-1 *et seq.*)**

179. In response to Paragraph 179 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

180. The allegations in Paragraph 180 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

181. The allegations in Paragraph 181 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

182. The allegations in Paragraph 182 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

183. The allegations in Paragraph 183 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

184. The allegations in Paragraph 184 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

185. The allegations in Paragraph 185 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

187. The allegations in Paragraph 187 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

188. The allegations in Paragraph 188 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

189. The allegations in Paragraph 189 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

190. The allegations in Paragraph 190 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT XII**

**LOSS OF CONSORTIUM**

191. In response to Paragraph 191 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

192. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny the same.

193. The allegations in Paragraph 193 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

194. The allegations in Paragraph 194 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

195. The allegations in Paragraph 195 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

196. The allegations in Paragraph 196 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT XII**

**PUNITIVE DAMAGES UNDER COMMON LAW,**

**PUNITIVE DAMAGES ACT (N.J.S.A. 2A:15-5.9, *et seq.*) and**

**PRODUCT LIABILITY ACT (N.J.S.A. 2A:58C-1 *et seq.*)**

197. In response to Paragraph 197 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

198. The allegations in Paragraph 198 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

199. The allegations in Paragraph 199 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

200. The allegations in Paragraph 200 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

201. The allegations in Paragraph 201 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

202. The allegations in Paragraph 202 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed for lack of proper venue and/or under the doctrine of *forum non conveniens*..

3. Plaintiffs' Complaint should be dismissed because of insufficient process and/or insufficient service of process.

4. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

6. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

7. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

8. Plaintiffs' or their agents', including their physicians' misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

11. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bar Plaintiffs' claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal and/or state law.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal

course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

19. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

21. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made,

whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

25. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

26. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New Jersey Constitution and/or the Michigan Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such

an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New Jersey Constitution and/or the Michigan Constitution.

30. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New Jersey, Michigan, and/or other applicable laws.

31. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New Jersey.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 25, 2008

Respectfully submitted,

McCarter & English, LLP

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel.: 973-622-4444
Fax: 973-297-3960

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005
Phone: 202- 898-5800
Fax: 202- 862-1639

ATTORNEYS FOR DEFENDANTS DAVOL INC., BARD DEVICES, INC., AND C.R. BARD, INC.